UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kenya Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-5022 |
| v. ) | |
| ) | Hon. April M. Perry |
| ) | |
| Illinois Department of Corrections, ) | |
| James Garrett, Harry Pyle, Jason Garnett, ) | |
| and Kevin Verble, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Kenya Smith ("Plaintiff") brought this employment discrimination case against her former employer the Illinois Department of Corrections ("IDOC") and IDOC employees James Garrett, Harry Pyle, Jason Garnett, and Kevin Verble (collectively, the "Individual Defendants"), all of whom she has sued in their individual capacities. Counts I and II are brought solely against Defendant IDOC and Counts III and IV are brought solely against the Individual Defendants. Before this Court is a motion brought by the Individual Defendants to dismiss Counts III and IV pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

The below facts are drawn from the allegations in Plaintiff's complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (standard for reviewing a 12(b)(6) motion); *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) (standard for reviewing a 12(b)(1) motion).

Plaintiff was employed by IDOC from 1999 until she was suspended and ultimately terminated in 2023. In her most recent role, Plaintiff was a Senior Correctional Parole Agent, responsible for monitoring parolees' compliance with the terms of their releases from prison. Defendant Garrett was an Intelligence Coordinator, whose job duties included selecting which agents would perform parole compliance checks.

Plaintiff alleges that Defendant Garrett made disparaging comments about Black women generally, and Plaintiff specifically. Beginning in July 2022, Defendant Garrett stopped assigning Plaintiff to perform parole compliance checks, which caused Plaintiff to lose significant overtime pay. Plaintiff believes that Defendants Garnett and Pyle participated in this decision. On January 5, 2023, Plaintiff submitted a complaint to the IDOC Chief of Affirmative Action alleging that she had been discriminated against based upon her race. Shortly thereafter, Plaintiff heard that "they" wanted to kick her out of the unit for having filed a discrimination complaint.

On June 7, 2023, Plaintiff performed an extradition of a prisoner. On August 21, Plaintiff's complaint with the Office of Affirmative Action was closed as unsubstantiated. On August 24, Plaintiff's supervisor Defendant Verble informed another law enforcement agency that Plaintiff was likely to be disciplined for violating procedures during the June 7 extradition. Plaintiff alleges that at the time this happened, she had not been served with notice of any disciplinary charges or been given the opportunity to be heard, as was required by Plaintiff's collective bargaining agreement. On August 29, Plaintiff submitted a complaint to IDOC's Acting Assistant Director and Director, alleging that Defendant Verble's statement that she would receive future discipline was retaliation for Plaintiff's complaint filed with the Office of Affirmative Action.

Plaintiff received a hearing on the allegations of misconduct relating to the June 7 extradition on October 12, 2023. IDOC subsequently sent Plaintiff a letter informing her that she had been suspended. On December 7, Plaintiff's employment was terminated. Plaintiff alleges "upon information and belief" that Defendants Garrett, Garnett, and Verble participated in the decision to suspend and terminate her employment.

On June 17, 2024, Plaintiff filed this employment discrimination case. In Count I, Plaintiff alleges against Defendant IDOC that her loss of overtime wages from not having been assigned parole compliance checks constituted discrimination and retaliation based on race, color, and/or sex in violation of Title VII of the Civil Rights Act of 1964. These allegations and the relief sought are mirrored exactly in Count III, with the exception that Count III is brought against the Individual Defendants under 42 U.S.C. § 1983, alleging violations of Plaintiff's rights under the United States Constitution and/or 42 U.S.C. § 1981. In Count II, Plaintiff alleges against Defendant IDOC that her suspension and termination constituted discrimination and retaliation based on race, color, and/or sex under Title VII. These allegations and the relief sought are mirrored exactly in Count IV, with the exception that Count IV is brought against the Individual Defendants under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the Constitution and/or 42 U.S.C. § 1981.

As for the relief sought, Plaintiff pursues declaratory, injunctive and monetary relief, asking the Court to enjoin the Defendants from continuing their allegedly unlawful practices, order modifications to the practices, policies, customs and usages that violate the law, order that Plaintiff be reinstated to the job she should now be occupying (with commensurate compensation) but-for the Defendants' allegedly unlawful acts, compensate Plaintiff for all earnings and wages lost and emotional damages, pay the fees and costs of this action, and award Plaintiff punitive damages.

## ANALYSIS

The Individual Defendants argue that Counts III and IV must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or in the alternative pursuant to Rule 12(b)(6) for failure to state a claim. Specifically, they argue that Counts III and IV are really claims against IDOC and are therefore barred by the Eleventh

Amendment.[1] For the reasons that follow, the Court agrees that Counts III and IV should be dismissed.

Counts III and IV allege violations of 42 U.S.C. § 1983. While Section 1983 makes individuals liable for statutory and constitutional violations committed under color of law, courts must consider whether the claims alleged by a plaintiff "may really and substantially be against the state." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001). If so, the sovereign immunity conferred by the Eleventh Amendment requires dismissal of those claims. *Gerlach v. Rokita*, 95 F.4th 493, 500-01 (7th Cir. 2024). Moreover, Section 1983 only permits claims against "persons," and state agencies like IDOC are not "persons," which provides another basis for such claims to be dismissed. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In making the determination of whether a suit purportedly against state employees is really against the state, courts look to whether "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 101 n.11 (1984).

The Seventh Circuit has twice held that cases against state officials sued in their individual capacities arising from a state employment relationship were barred because the suits were really against the state. *Haynes v. Indiana Univ.*, 902 F.3d 724, 731-32 (7th Cir. 2018); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). In *Haynes*, the plaintiff alleged that he was denied tenure with Indiana University based on his race and sued individual defendants alleging violations of 42 U.S.C. § 1981. *Haynes*, 902 F.3d at 728-29. Because the plaintiff was seeking "monetary relief for an injury relating to his employment" with the University and because the individual defendants were not parties to plaintiff's employment contract in their individual capacities, the Seventh Circuit found that there was "no reason to believe that [the individual defendants], rather than the University, would foot the bill for a resulting judgment." *Id.* at 732. Thus, the suit was really against the University and barred by the Eleventh Amendment. *Id.* In *Omosegbon*, the Seventh Circuit similarly held that a suit brought under Section 1983 alleging violations of the due process clause of the Fourteenth Amendment and academic freedom rights under the First Amendment could not be maintained against university officials in their individual capacities because the plaintiff sought "backpay and other forms of monetary compensation based on an employment contract" and therefore the case bore "no resemblance to a *bona fide* individual capacity suit." *Omosegbon*, 335 F.3d at 673. There too, the court thought it "inescapable that any resulting judgment" would be "paid by the state rather than the individual defendants." *Id.*

---

[1] The Individual Defendants assert other grounds for dismissal, but those are unavailing. Namely, the Individual Defendants argue that the claims should be dismissed because: (1) individuals cannot be sued under Section 1981 for sex-based discrimination; (2) state actors cannot be sued under Section 1981; and (3) retaliation claims are not cognizable under Section 1981. Plaintiff largely agrees, arguing that: (1) Counts III and IV bring race-based discrimination claims against the Individual Defendants, not sex-based claims; (2) the Individual Defendants are sued pursuant to Section 1983, not Section 1981; and (3) the retaliation claim against the Individual Defendants is brought pursuant to the First Amendment and Section 1981, not Section 1983. Suffice it to say, if Counts III and IV were to survive the sovereign immunity challenge, none of the remaining arguments would have resulted in their dismissal.

Just like in *Omosegbon* and *Haynes*, Plaintiff's complaint centers around alleged constitutional violations premised on her employment relationship with the state. Like in *Omosegbon* and *Haynes*, Plaintiff seeks backpay and other forms of monetary relief based on an employment contract (in this case, the collective bargaining agreement) that the Court has no reason to believe will be fulfilled by the Individual Defendants as opposed to the state itself. And just like in *Omosegbon* and *Haynes*, crucial to the analysis of liability is whether and why Plaintiff's rights under her employment contract were violated.[2] There is no reason to believe, and Plaintiff has not alleged, that the Individual Defendants were party to Plaintiff's collective bargaining agreement in their individual capacities. This case, therefore, bears no resemblance to a *bona fide* individual capacity suit and should be dismissed.

Plaintiff does not acknowledge *Haynes* and attempts to distinguish *Omosegbon* in two ways. First, Plaintiff argues that *Omosegbon* is not applicable because it did not involve a request for relief regarding emotional distress or a demand for punitive damages. The problem with this argument is that neither *Omosegbon* nor *Haynes* limited its reasoning to any one form of monetary damages, and *Haynes* in fact did involve a complaint that requested damages for emotional pain and suffering. Complaint at 20, *Haynes v. Indiana Univ.*, (S.D. Ind.) (No. 15-cv-1717, Doc. 1) (complaint pled damages against individual defendants for "emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation"). While it is true that the Seventh Circuit did not note this fact in its opinion, this fact also did not stop the Court from finding that the suit against the individual defendants was really a suit against the state. *See also, e.g., Gerlach v. Rokita*, 95 F.4th 493, 501 (7th Cir. 2024) (holding that "we conclude that [plaintiff's] suit for compensatory relief is actually against the State of Indiana" even when punitive damages had been pled against the individual defendants in underlying complaint No. 22-cv-72). Nor does the Court believe that the way a plaintiff pleads damages should be decisive as to whether a case is truly against the state rather than individual defendants. To hold otherwise would allow plaintiffs to defeat a sovereign immunity argument just by throwing in an allegation of emotional pain and suffering. The Supreme Court has counseled that courts trying to determine whether a suit is really against the state should look to how the judgment would be fulfilled – namely, whether it "would expend itself on the public treasury or domain," – not what types of damages have been requested. *Pennhurst*, 465 U.S. at 101 n.11. While in certain circumstances a claim of emotional distress may clearly be against defendants in their personal capacities and not payable by the state, that is not the case here.

Plaintiff also tries to distinguish *Omosegbon* by arguing that it involved an employment contract to which the individual defendants were not a party, and her case does not. The Court does not agree with this as a factual matter; Plaintiff has alleged in her complaint both that she was a member of AFSCME Local 3436 and violations of her collective bargaining agreement. A collective bargaining agreement is, of course, a type of employment contract. Thus, even if the Court were to find that allegations involving an employment contract to which individual

---

[2] For example, Plaintiff alleges that the Individual Defendants violated her rights protected by 42 U.S.C. § 1981. The Court presumes that the Section 1981 right Plaintiff is asserting is the right to be free from racial discrimination in the making and enforcing of her employment contract. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

defendants were not parties was decisive as to whether a suit is really brought against the state, that factor was satisfied here.

As for Plaintiff's claims for equitable relief, those too are barred because they essentially ask the state to act, not the Individual Defendants. "The Eleventh Amendment is not limited to damages judgments. It applies to injunctive suits, as well, against the states." *Luder v. Endicott*, 253 F.3d. 1020, 1024 (7th Cir. 2001); *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) ("[A] state cannot be sued in federal court for monetary damages or equitable relief."). While an exception to this rule exists for state officials sued in their official capacities, that exception cannot be invoked here because Plaintiff does not sue the Individual Defendants in their official capacities. *Id.* (finding exception inapplicable where state officials were not sued in their official capacities); *cf. Omosegbon*, 335 F.3d at 672–73 (agreeing with district court that exception applied to claims for injunctive relief against individual defendants sued in both their individual and official capacities). The Court finds that Plaintiff's claims for injunctive relief against the Individual Defendants are, like the claims for monetary damages, really claims against the state: Only the state could do what Plaintiff asks and reinstate her with commensurate compensation and benefits and eliminate any discriminatory practices or policies which might exist at IDOC. *See Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 101 n.11 (1984) (suit is really against the state where "the effect of the judgment would be to restrain the Government from acting, or to compel it to act"); *see also Lenea v. Lane*, 882 F.2d 1171, 1178 (7th Cir. 1989) (noting individual defendants had no power to pay back wages or grant reinstatement to a state employee).

The Court finds it notable that the relief sought with respect to IDOC and the Individual Defendants is identical. The same goes for the actual content of Plaintiff's claims; Counts III and IV against the Individual Defendants mirror exactly the claims pled against IDOC, with the only difference being the statutory violation alleged. Simply put: Everything Plaintiff is attributing to or requesting from the Individual Defendants has also been attributed to and requested from IDOC. To the extent the Seventh Circuit has encouraged courts to determine whether a suit "nominally against state employees in their individual capacities [] *demonstrably* has the *identical* effect as a suit against the state" in conducting an Eleventh Amendment analysis, *Luder*, 253 F.3d. at 1023, that criteria is met in a case like this one where the claims brought against the individuals are in fact identical to the claims brought against the state, and where Plaintiff is "seeking to accomplish *exactly* what [she] would accomplish were [she] allowed to maintain this suit against the state and did so successfully." *Id.* at 1024.

## **CONCLUSION**

Counts III and IV, although alleged against Individual Defendants, are really and substantially against the state. Therefore, dismissal is appropriate based upon sovereign immunity under Rule 12(b)(1) and because IDOC is not a proper defendant in a Section 1983 action and Plaintiff has therefore failed to state a claim under Rule 12(b)(6).

Dated: March 7, 2025

_____
APRIL M. PERRY
United States District Judge